SUMMARY ORDER
Claudine Sonomy, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As a preliminary matter, Sonomy has waived her CAT and withholding of removal claims by failing to raise them in her brief. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1 (2d Cir.2005). Accordingly, only her asylum claim remains for our consideration.
When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep’t of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, “the fact that the
[agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review.” Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on “specific, cogent reasons” that “bear a legitimate nexus” to the finding. Secaida-Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).
Here, the IJ provided specific and cogent reasons in support of her determination that Sonomy’s testimony lacked credibility. Sonomy contends that the IJ should not have based an adverse credibility finding on the false statements in her visa application, which she contends was written by her uncle, or on the conclusion that her description of her own arrests, as well as those of her husband and father, lacked detail. These factors, however, are a reasonable basis for the IJ’s adverse credibility determination, particularly when considered along with other factors which the IJ took into account, such as Sonomy’s failure to mention in her asylum application that she had been arrested in 1998, and her inability to name the leader of the political party in which she claimed to have taken an active role.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).